**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODNEY SMITH

        Petitioner-Appellant,

v.

RON WARD, Director, Oklahoma
Department of Corrections

        Respondent-Appellee.

No. 05-6121

(W.D. Oklahoma)

(D.C. No. CIV-04-1438-L)

**ORDER**

Before **EBEL**, **MCKAY**, and **HENRY**, Circuit Judges.

Rodney Smith, an Oklahoma state prisoner proceeding pro se, seeks a
certificate of appealability ("COA") to appeal the district court's decision denying
his 28 U.S.C. § 2241 petition  Mr. Smith also seeks leave to proceed in forma
pauperis ("IFP").

To obtain a COA, Mr. Smith must make "a substantial showing of the
denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Mr. Smith may make
this showing by demonstrating that "reasonable jurists could debate whether (or,
for that matter, agree that) the petition should have been resolved in a different
manner or that the issues presented were adequate to deserve encouragement to

proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. at 338.

Mr. Smith's § 2241 petition alleges that he was denied due process in a disciplinary proceeding conducted at the Lawton Correctional Facility. In that proceeding, Mr. Smith was found guilty of misconduct, and, as a result, 365 days of earned time credits were removed from his record. He maintains that there was insufficient evidence to support the misconduct charge and that the disciplinary proceedings were initiated in retaliation for his refusal to sign an evaluation report.

Upon review of the record, we conclude for the reasons set forth in the magistrate judge's well-reasoned and thorough report and recommendation that Mr. Smith's due process claim lacks merit. Mr. Smith received notice of the charges, an opportunity to present a defense, and a written statement of the reasons for the disciplinary decision. Additionally, the disciplinary charge was supported by evidence in the record. As a result, the proceeding satisfied the requirements of the Due Process Clause. See Wolff v. McConnell, 418 U.S. 539, 563-67 (1974) (setting forth the procedural requirements for prison disciplinary hearings); see also Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55

(1985) (holding that, in order to comport with due process, "the findings of the prison disciplinary board [must be] supported by some evidence in the record").

Mr. Smith also argues that he is entitled to an evidentiary hearing in the federal district court. Again, Mr. Smith's argument is not supported by the applicable law. Prison officials afforded him an adequate hearing, and the Due Process Clause does not require a second opportunity before a federal court to contest the disciplinary charge. See id. at 455-56 ("Ascertaining whether this [due process] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Because the record "conclusively show[s] that [Mr. Smith] is entitled to no relief," the district court did not err in failing to conduct an evidentiary hearing. See United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996) (internal quotation marks omitted). .

Accordingly, we DENY Mr. Smith's application for a COA, DENY his request to proceed IFP, and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge