FILED
United States Court of Appeals
Tenth Circuit

June 30, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORLANDO WILSON,

      Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

      Respondent - Appellee.

No. 09-6058
(D.C. No. 09-CV-00018-C)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Orlando Wilson, a state inmate appearing pro se, seeks a certificate of

appealability (COA) so that he may appeal from the district court's dismissal of

his habeas petition filed pursuant to 28 U.S.C. § 2254. Mr. Wilson complains

that, during the period in which he was waiting to be transferred from a county

jail to a state institution, he was unable under Oklahoma Department of

Corrections (ODOC) policy to advance to a higher prisoner classification level.

Thus, he claims, he was deprived of the opportunity to earn early-release credits

at that higher level. According to Mr. Wilson, this resulted in a sentence

enhancement that violates his constitutional rights and Oklahoma state law.

As a result, Mr. Wilson filed an application for a writ of habeas corpus in

Oklahoma state court, which the Oklahoma Court of Criminal Appeals denied on December 18, 2008, for failure to file in the state district court. Mr. Wilson then filed a petition for a writ of habeas corpus in federal court, which the district court referred to a magistrate judge. After adopting the report and recommendation of the magistrate judge, the district court construed Mr. Wilson's habeas petition as a motion for relief under 28 U.S.C. § 2241 and dismissed it. See 1 R. Docs. 7, 10, 11. Thereafter, the district court denied Mr. Wilson's request for a COA. See Wilson v. State, No. CIV-09-18-C (W.D. Okla. June 10, 2009). We agree with the district court. Because Mr. Wilson has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss Mr. Wilson's appeal.

Mr. Wilson now claims that both the state and federal courts erred in denying him an evidentiary hearing. However, as discussed below, there is nothing in the record that indicates Mr. Wilson is entitled to any relief. Thus, the denial of those hearings was not error. See Smith v. Ward, 148 F. App'x 758, 758-59 (10th Cir. 2005) (unpublished).

A state prisoner may bring a habeas action under § 2254 or § 2241; however, because Mr. Wilson is challenging the execution of his sentence, rather than its validity, the district court properly characterized his motion as requesting relief under § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Under either statute, we note that Mr. Wilson's state law claims are "not

cognizable in a federal habeas action." Id.; see also 28 U.S.C. §§ 2241(c)(3), 2254(a). We therefore consider only Mr. Wilson's constitutional claims.

To establish entitlement to a COA, Mr. Wilson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000). To do so, he must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently or that the issues presented deserved encouragement to proceed further. Id. at 484. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Under Oklahoma law, "[t]he length of any jail time served by an inmate before being transported to a state correctional institution pursuant to a judgment and sentence of incarceration shall be deducted" from the prisoner's term at that state institution. Okla. Stat. tit. 57, § 138(G). In addition, state inmates in Oklahoma shall have their terms of imprisonment reduced on a monthly basis at a rate based on the class level to which they are assigned. Id. § 138(A). Okla. Stat. tit. 57, § 138(G) indicates that a prisoner who is detained in county jail prior to being transported to a state institution shall be awarded earned credits at the Class 2 rate. To be eligible for promotion to a higher class level, and thus to earn credits at a higher rate, a prisoner must meet certain criteria. See id. § 138(D).

- 3 -

Specifically, under Okla. Stat. tit. 57, § 138(D)(1)(c), a prisoner who has been incarcerated for at least three months may be eligible for promotion to Class 3. However, according to ODOC policy, a prisoner's eligibility for promotion to a higher class level is calculated only from the date of reception into state custody, and not from the date of sentencing.

In asserting his constitutional claims, Mr. Wilson argues that his time in the county jail should be counted toward the time required for promotion to Class 3, effectively making him eligible for promotion as of the date of his transfer. In essence, he claims that the imposition of the ODOC policy delayed his eligibility for promotion to a higher class level, resulting in an unconstitutional sentence enhancement. However, there is no constitutionally protected interest in earning credits toward early release. Fogle v. Pierson, 435 F.3d 1252, 1262 (10th Cir. 2006); Searcy v. Simmons, 299 F.3d 1220, 1226 (10th Cir. 2002). This would be a very different case were Mr. Wilson deprived of credits he had already earned. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-55 (1985); Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). However, here Mr. Wilson is merely arguing for a right to the possibility of earning credits at a higher rate and early release. No such right exists under the Constitution. In fact, Mr. Wilson does not even have a constitutionally protected right to be conditionally released before the expiration of his sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979). As such, Mr. Wilson has failed to make a

substantial showing of the denial of a constitutional right, and we cannot grant the COA.

For the foregoing reasons, we DENY a COA and dismiss Mr. Wilson's appeal. We also DENY his request to proceed in forma pauperis on appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge