FILED
United States Court of Appeals
Tenth Circuit

October 8, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BIGLER JOBE STOUFFER, II,

Petitioner – Appellant,

v.

RANDALL WORKMAN, Warden, OSP,

Respondent – Appellee,

No. 09-7029
(E.D. Okla.)
(D. Ct. No. 6:08-CV-00156-RAW-KEW)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY AND
DISMISSING APPEAL**

Before **HENRY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.

Bigler Jobe Stouffer, II, an Oklahoma state prisoner appearing pro se,[1] seeks a

certificate of appealability (COA) to appeal from the district court's denial of his 28

U.S.C. § 2241 petition for writ of habeas corpus challenging the loss of his earned credits

and loss of his ability to earn such credits. The district court determined Stouffer was not

entitled to accrue earned credits because he has been sentenced to death. We deny a

COA and dismiss this appeal.

---

[1] We liberally construe Stouffer's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

# I.    BACKGROUND

In 1985, Stouffer was convicted of first degree murder and shooting with intent to kill.  He was sentenced to death on the first conviction and life imprisonment on the second.  *See Stouffer v. Reynolds*, 168 F.3d 1155, 1158 (10th Cir. 1999).  In 2000, we affirmed the grant of habeas relief.  *See Stouffer v. Reynolds*, 214 F.3d 1231, 1232 (10th Cir. 2000).  Stouffer was retried in February 2003 and a jury again found him guilty of first degree murder and shooting with intent to kill.  *See Stouffer v. State*, 147 P.3d 245, 255-56 (Okla. Crim. App. 2006).  He was sentenced to death for the first offense and a consecutive sentence of 100 years imprisonment for the second offense.  He is currently awaiting execution.[2]

Okla. Stat. tit. 57, § 138(A) provides in pertinent part: "[E]very inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class level to which they are assigned . . . .  Each earned credit is equivalent to one (1) day of incarceration . . . ."  The statute directs the Oklahoma Department of Corrections (ODOC) to "develop a written policy and procedure whereby inmates shall be assigned to one of four class levels . . . ."  Okla. Stat. tit. 57, § 138(B).  The ODOC has developed an internal regulation pursuant to which inmates are assigned to a class level which determines the rate at which credits are earned and the degree to which privileges are afforded.  *See* OP-060107(II).  On August 1, 2007, Stouffer was demoted from Level

---

[2] Stouffer has three additional matters pending in this Court.  *See* Nos. 09-7055; 09-7056; 09-6146.

4 to Level 1. He claims this demotion resulted in the loss of earned credits and the loss of his ability to earn such credits.

On April 28, 2008, Stouffer filed a 28 U.S.C. § 2241 petition for writ of habeas corpus naming the Warden of the Oklahoma State Penitentiary and his attorney as respondents.[3] Stouffer asserted three claims for relief: (1) the Warden violated his constitutional rights "to the compulsory procedure to redress grievances, due process, and 'access to court'" because the Warden "fail[ed] to administer written agency procedures, controlling case laws, and constitutional amendments"; (2) the Warden changed his earned credits classification and eligibility rights without due process of law; (3) his attorney violated his constitutional rights because he failed to provide effective assistance of counsel regarding his earned credits claim.[4] (R. Vol. I at 9.) The district court granted Stouffer leave to proceed *in forma pauperis* (*ifp*).

The Warden filed a motion to dismiss arguing Stouffer's petition was "frivolous" because Stouffer "does not earn earned credits." (R. Vol. I at 25, 26.) The Warden explained: "[T]he law of Oklahoma only provides earned credits to inmates serving a determinate sentence. [Stouffer] was convicted of Murder, received a Death Sentence and does not receive earned credits that affect his death sentence." (*Id.* at 26.) The Warden argued Stouffer was not serving a sentence of imprisonment within the meaning

---

[3] The court subsequently dismissed Stouffer's attorney, concluding he was not a proper respondent in a habeas action.

[4] Earned credits are commonly referred to as "good time" credits.

of Okla. Stat. tit. 57, § 138 and thus "the issue of due process does not apply . . . ." (*Id.*) In response, Stouffer argued he is serving a term of imprisonment; he has a right to receive earned credits for early release; and Okla. Stat. tit. 57, § 138 is an *ex post facto* law as applied to him. He also requested an evidentiary hearing.

On February 19, 2009, the district court granted the Warden's motion to dismiss without holding an evidentiary hearing. It cited *Stouffer v. Fields*, 85 F.3d 641 (table), No. 95-6394, 1996 WL 200302 (10th Cir. Apr. 25, 1996) (unpublished), for the proposition that "a death-sentenced inmate . . . has no right to accrue earned credits." (R. Vol. I at 104.) In addition, it explained Stouffer is not entitled to earned credits because his death sentence is not a "term of imprisonment" within the meaning of Okla. Stat. tit. 57, § 138. (*Id.*) The court noted Stouffer's claim regarding access to the courts is not proper for a habeas corpus matter and Stouffer's third claim fails because his attorney was dismissed as an improper respondent.

## II.    DISCUSSION

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever the detention complained of in the petition arises out of process issued by a State court." *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quotations omitted). The court did not rule on Stouffer's request for a COA. Due to the passage of time, we deem the request denied. *See* 10th Cir. R. 22.1(C).

A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant

4

must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

Stouffer seeks to raise three issues on appeal; the court erred by (1) concluding he lacked a liberty interest in his earned credits; (2) denying him the assistance of legal counsel to challenge his loss of earned credits; and (3) dismissing his petition without a hearing. Stouffer is not entitled to a COA because reasonable jurists could not debate the proper resolution of these claims.

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law. Although their due process rights are defined more narrowly, that guarantee applies to prisoners as well." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). Thus, in *Sandin v. Conner*, the Supreme Court held a prisoner is entitled to due process before he is subjected to conditions that "impose[ ] atypical and significant hardship . . . in relation to the ordinary incidents of prison life," or disciplinary actions that "inevitably affect the duration of his sentence." 515 U.S. 472, 484, 487 (1995). Stouffer has not shown he has been subjected to conditions imposing atypical and significant hardship on him in relation to the ordinary incidents of prison life; nor has he shown any action taken against him will inevitably affect the duration of the time he

5

serves before his execution.  On the contrary, it is clear no amount of earned credits could reduce his sentence to something less than death.  Unless he is pardoned or his death sentence is overturned or commuted, he is simply being housed until the death sentence can be carried out according to law — he is not serving a term of imprisonment.  We agree with the Warden that Stouffer has no right to accrue earned credits and thus falls outside the scope of Okla. Stat. tit. 57, § 138.[5]

Stouffer argues Okla. Stat. tit. 57, § 138 is an *ex post facto* law as applied to him because it computes earned credits differently from the version in effect when he committed the offense for which he is imprisoned.  He claims he is entitled to relief under *Ekstrand v. State*, 791 P.2d 92 (Okla. Crim. App. 1990).  This argument is without merit.  In *Ekstrand*, the court held inmates who are disadvantaged by the amendments to Okla. Stat. tit. 57, § 138 "shall be entitled to the credits allotted under the statute effective on the date their crime was committed" but "before any such writ can be granted, a petitioner must demonstrate that under the statute in effect on the date his or her crime was committed, he or she would have earned enough credits to be entitled to IMMEDIATE release."  *Id.* at 95.  Stouffer is clearly unable to make this showing.[6]

---

[5] Stouffer does not challenge the loss of privileges, if any, resulting from his demotion from Level 4 to Level 1.  He captioned his habeas petition as a "Petition . . . to Restore Loss of Earned Credits," and his arguments here only address that issue.  (R. Vol. I at 6.)

[6] The Oklahoma Court of Criminal Appeals abandoned this requirement in *Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993), a case not cited by Stouffer.  In any event, Stouffer would not be entitled to relief even under the version of Okla. Stat. tit. 57, § 138 in effect when he committed the offense for which he is

Stouffer's claim he is entitled to the assistance of legal counsel to challenge his loss of earned credits is equally lacking in merit. Stouffer's attorney was appointed (in a different case) to challenge his conviction and sentence. The present challenge is a challenge to the execution of his sentence rather than its validity. Thus, he is not entitled to the assistance of his attorney. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Moreover, as the district court noted, Stouffer's attorney was dismissed as a respondent in this matter because he is not a proper party to a habeas petition.

Finally, the district court did not err in refusing to hold an evidentiary hearing on Stouffer's claims because there is nothing in the record that indicates he is entitled to any relief. *See United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) ("In response to a [28 U.S.C.] § 2255 motion, the district court must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records in the case conclusively show that the prisoner is entitled to no relief.") (quotations omitted); *Wilson v. Okla.*, No. 09-6058, 2009 WL 1863678, *1 (10th Cir. June 30, 2009) (unpublished) (applying this

---

imprisoned. The law in 1984 stated: "Except as otherwise provided . . . every inmate of a state correctional institution who satisfactorily engages in work, or attends school . . . shall have one (1) day deducted from the term of imprisonment for each day that he engaged in the activity." Okla. Stat. tit. 57, § 138(A) (1984). Like the present version, it refers only to offenders serving a "term of imprisonment." Stouffer is not serving a term of imprisonment; he is awaiting execution.

principle to a § 2241 petition).[7]

We **DENY** a COA, **DENY** Stouffer's motion for appointment of counsel, and

**DISMISS** this appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[7] Unpublished opinions are not binding precedent. 10th Cir. R. 32.1(A). We mention *Wilson* as we would an opinion from another circuit, persuasive because of its reasoned analysis.