**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 13, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BIGLER JOBE STOUFFER, II,

      Petitioner - Appellant,

v.

ANITA TRAMMELL, Warden,

      Respondent - Appellee.

No. 14-7006
(D.C. No. 6:12-CV-00329-RAW-KEW)
(E. D. Oklahoma)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner and appellant, Bigler Jobe Stouffer, II, a state prisoner proceeding *pro se*, seeks a Certificate of Appealability ("COA") to enable him to appeal the district court's dismissal of his amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Having concluded that he fails to meet the standards for issuance of a COA, we deny Mr. Stouffer's request for a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1985, Mr. Stouffer was convicted of first degree murder and of shooting with intent to kill. He was sentenced to death on the first conviction and life imprisonment on the second. See Stouffer v. Reynolds, 168 F.3d 1155, 1158 (10th Cir. 1999). In 2000, we affirmed the grant of habeas relief. See Stouffer v. Reynolds, 214 F.3d 1231, 1232 (10th Cir. 2000). Mr. Stouffer was retried in February 2003 and a jury again found him guilty of first degree murder and shooting with intent to kill. See Stouffer v. State, 147 P.3d 245, 255-56 (Okla. Crim. App. 2006). He was sentenced to death for the first offense and a consecutive sentence of 100 years' imprisonment for the second offense. He is currently awaiting execution.

The district court below characterized Mr. Stouffer's claims in the instant habeas petition as "vague, unclear and repetitive" but discerned the following grounds for Mr. Stouffer's petition:

> Ground I: Petitioner's Eighth Amendment right to be free from cruel and unusual punishment is deliberately ignored by respondent's unauthorized enforcement of Okla. State. tit. 57, § 138/OP-060107, Class Level Systems on death-sentenced petitioner.

> Ground II: Petitioner's Fourteenth Amendment rights to due process and for equal protection are withheld or denied by respondent's unauthorized enforcement of Okla. Stat. tit. 57, § 138/OP-060107 upon death-sentenced petitioner.

The court further noted:

> Petitioner specifically challenges respondent's legal authority to (1) initially commit death-sentenced petitioner into the class level system, OP-060107, (2) the prefunctory [sic] evaluations therein, and

(3) the indefinite withholding/denials of petitioner's rights, privileges, and immunities, without providing petitioner a meaningful mechanism to receive the fundamental elements of due process and finality.

Opinion & Order at 1-2; R. Vol. 1 at 62-63.[1]

Mr. Stouffer apparently seeks reversal and expungement of all prior enforcement of Okla. Stat. tit., § 138/OP-060107 against him.

The Warden/Respondent sought dismissal of the petition on various grounds, one of which was that Mr. Stouffer's petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

---

[1]Mr. Stouffer refers to Okla. Stat. tit. 57, § 138(A), which provides in pertinent part: "[E]very inmate of a state correctional institution shall have their term of imprisonment reduced monthly, based upon the class level to which they are assigned . . . . Each earned credit is equivalent to one (1) day of incarceration . . . ." The statute directs the Oklahoma Department of Corrections ("ODOC") to "develop a written policy and procedure whereby inmates shall be assigned to one of four class levels . . . ." Okla. Stat. tit. 57, § 138(B). In one of the many prior proceedings in our court involving Mr. Stouffer, we described Mr. Stouffer's situation as follows: "The ODOC has developed an internal regulation pursuant to which inmates are assigned to a class level which determines the rate at which credits are earned and the degree to which privileges are afforded. See OP-060107(II). On August 1, 2007, Stouffer was demoted from Level 4 to Level 1. He claims this demotion resulted in the loss of earned credits and the loss of his ability to earn such credits." Stouffer v. Workman, No. 09-7029, slip op. at 2-3 (10th Cir. Oct. 8, 2009) (unpublished).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). As the district court correctly noted, the one-year period also applies to § 2241 habeas corpus actions. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).

Mr. Stouffer claims he is entitled to relief because he has been sentenced to death and, therefore, the state statute concerning earned credits does not apply to him. The district court determined that "[p]ursuant to 28 U.S.C. § 2244(d)(1)(D), the limitations period began to run when he discovered or could have discovered the factual predicate of his claim. [Mr. Stouffer] asserts in his amended petition that he has been raising this issue in litigation as far back as 2006." Opinion & Order at 2; R. Vol. 1 at 63 (citing Amended Habeas Petition at 2; R. Vol. 1 at 20). Accordingly, "[b]ased on his own statement, [Mr. Stouffer's] one-year limitations has expired." Id.

The district court also determined that, because Mr. Stouffer did not diligently pursue his claim, he was not entitled to application of the doctrine of equitable tolling. Equitable tolling is available only in "rare and exceptional circumstances." Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). A petitioner carries the burden to show that equitable tolling is appropriate because (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007).

-4-

"[F]ailure to timely file [must be] caused by extraordinary circumstances beyond his control," Burger, 317 F.3d at 1141, and "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). The district court dismissed this argument as follows:

> Petitioner has filed two responses to the motion, both alleging this action is not time-barred. Petitioner admits he has had previous administrative actions concerning this issue and contends each had a separate limitations period. The issue, however, is when he first discovered that Okla. Stat. tit. 57, § 138/OP-060107, Class Level Systems, was wrongfully being applied to him. His separate administrative appeals on this same issue did not restart the one-year limitation. Furthermore, petitioner has been challenging the application of Okla. Stat. tit. 57, § 138, to him, as a death-sentenced prisoner, as early as 2008. See Stouffer v. Sirmons, No. CIV-08-156-RAW-KEW (E.D. Okla. Apr. 28, 2008); Stouffer v. Workman, No. CIV-10-298 (E.D. Okla. Aug. 9, 2010); Stouffer v. Workman, No. 10-443 (E.D. Okla. Nov.22, 2010).

Opinion & Order at 3; R. Vol. 1 at 64.[2]

A state prisoner must obtain a COA before pursuing a habeas petition. Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which is accomplished when an

---

[2]The Warden/Respondent made additional arguments in support of her motion to dismiss. She argued that Mr. Stouffer was not properly before the court, inasmuch as he was not challenging the legality of his incarceration and was therefore not entitled to habeas relief, and she argued that his petition was an improper successive one. We need not address those arguments, but simply note that Mr. Stouffer's petition faced many barriers.

applicant shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). An applicant denied habeas relief on procedural grounds "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling.'" Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008 ) (quoting Slack, 529 U.S. at 484).

As indicated, the district court thoroughly explained why Mr. Stouffer's petition is time-barred and not eligible for equitable tolling. No reasonable jurist could dispute the propriety of that conclusion.

For the foregoing reasons, we DENY Mr. Stouffer a COA and DISMISS this matter.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge