**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KENNETH R. MARSHALL,

    Petitioner - Appellant,

v.

KAMERON HARVANEK, Warden,

    Respondent - Appellee.

No. 17-7083
(D.C. No. 6:17-CV-00200-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Pro se state prisoner Kenneth R. Marshall seeks a certificate of appealability

(COA) to appeal the district court's dismissal of his petition for habeas relief under

28 U.S.C. § 2241.[1] We deny Marshall's request for a COA and dismiss the appeal.

I.

Marshall is serving a life sentence in Oklahoma for a first-degree murder

conviction. On January 27, 2017, a Nowata County District Court judge entered an

order denying Marshall's application for postconviction release. But the judge left

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Marshall is proceeding pro se, "we construe his filings liberally." _Garza v. Davis_, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

the final sentence of the order unfinished. On February 1, 2017, Marshall filed a motion for clarification and asked the court to complete the unfinished sentence with language directing the Department of Corrections to discharge him if he had served forty-five years of his life sentence.

On February 2, 2017, the court entered an order that incorporated the requested language. But on February 10 the court entered an amended order stating "that the order filed January 27, 2017 . . . was proper," ROA at 94, that "the order filed on February 2, 2017 was incorrect in its assignment of a forty-five (45) year term," *id.*, and that the February 2 order "should be stricken from the record." *Id.*

After unsuccessfully seeking mandamus relief from the Atoka County District Court and the Oklahoma Court of Criminal Appeals, Marshall filed a motion in federal district court for habeas review under 28 U.S.C. § 2241. He also asked the district court to hold an evidentiary hearing. Marshall believed he was entitled to a hearing to prove that the Oklahoma Department of Corrections engaged in ex parte communications with the Nowata County judge. The court denied the motion and dismissed the petition.

In this appeal Marshall contends that the district court erred in denying his motion for an evidentiary hearing. He also seeks a COA to challenge the district court's dismissal of his petition. As we conclude below, there is "nothing in the record [to] indicate[] [Marshall] is entitled to any relief." *Wilson v. Oklahoma*, 335 F. App'x 783, 784 (10th Cir. 2009). Consequently, "the denial of [the evidentiary] hearing[] was not error." *Id.*

2

Additionally, we note that Marshall filed a motion to supplement the appellate record with a certified copy of the February 2, 2017 order.  The certified copy indicates the February 2, 2017 order was filed with the Oklahoma Court of Criminal Appeals on February 6, 2017.  We GRANT Marshall's motion to supplement the record.  We have also considered his supplemental authorities.

## II.

To obtain appellate review of the district court's dismissal of his petition, Marshall must acquire a COA.  To acquire a COA, Marshall must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Specifically, he must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Marshall has failed to make this showing.

Below, the district court properly framed the question as whether Marshall has established "he is being held in state custody in violation of the United States Constitution or other federal law."  Dist. Ct. Op. at 4.  The district court then found that Marshall's life sentence is not excessive under federal law.[2]  Reasonable jurists

---

[2] On appeal Marshall contends that the district court improperly construed his argument.  Specifically, he argues that the crux of his position below was that the February 10 order is invalid and that the February 2 order is the only valid order.  The district court likely did not address this argument because Marshall has failed to successfully tie it to the denial of a federal right.  Marshall contends that the Oklahoma state courts' treatment of these orders denied him substantive and procedural due process.  But under Oklahoma law, "[d]efendants sentenced to life imprisonment . . . remain under that sentence all of their days, and obtain their liberty only after a recommendation from the Pardon and Parole Board, and then only

3

would not find this conclusion debatable. The United States Supreme Court will uphold a sentence that is not grossly disproportionate to the crime. *See Ewing v. California*, 538 U.S. 11, 21–23 (2003). Here, Marshall's life sentence was not grossly disproportionate to his first-degree murder conviction. *Cf.* 18 U.S.C. §§ 1111(a)–(b), 3559(a)(1), 3581(b)(1) (authorizing imposition of a life sentence for Class A felonies such as first-degree murder).

As for the remaining issues Marshall raises in his brief, we need not reach them because none of them aids in determining whether the execution of Marshall's sentence violates federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). For example, reasonable jurists would not debate whether the district court properly disregarded Marshall's access to the courts arguments because those are civil rights complaints Marshall can pursue under 42 U.S.C. § 1983. *See,*

---

conditionally, under terms dictated by the Governor, if ever." *Anderson v. State*, 130 P.3d 273, 286–87 (Okla. Crim. App. 2006) (Lewis, J., concurring). Additionally, "Oklahoma law prohibits the use of earned time credits to reduce a sentence of life imprisonment." Dist. Ct. Op. at 7 (citing Okla. Stat. tit. 57, § 138(A) ("No deductions [by application of earned credits] shall be credited to any inmate serving a sentence of life imprisonment . . . .")). Thus, because the February 2 order instructed the Oklahoma Department of Corrections to consider Marshall's earned credits and release him if "a term of forty-five (45) years ha[d] been served," it was incorrect as a matter of Oklahoma law. We do not see how the Nowata County judge's decision to correct this erroneous order resulted in a deprivation of due process. Reasonable jurists would not find this conclusion to be debatable.

*e.g.*, *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (discussing the difference between section 1983 and habeas petitions).

III.

Based on the foregoing, we DENY Marshall's request for a COA and DISMISS this appeal.

Entered for the Court


Allison H. Eid
Circuit Judge