**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BIGLER JOBE STOUFFER, II,

    Petitioner - Appellant,

v.

MIKE CARPENTER,

    Respondent - Appellee.

No. 19-7021
(D.C. No. 6:19-CV-00013-JHP-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Oklahoma death row inmate Bigler Jobe Stouffer, proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his

amended petition for habeas corpus relief under 28 U.S.C. § 2241. *See* 28 U.S.C.

§ 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding "a

state prisoner must obtain a COA to appeal the denial of a habeas petition" that "was filed

pursuant to . . . § 2241").

---

    [*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value. *See* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court dismissed the amended petition because Mr. Stouffer's allegations concern the conditions of his confinement rather than the execution of his sentence and therefore should have been brought as civil rights claims under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA and dismiss this matter.[1]

## I. BACKGROUND

After Mr. Stouffer filed his first § 2241 petition, a magistrate judge ordered him to file an amended petition. The order said his "allegations regarding access to the courts, stripping his cell, grievance restrictions, law library access, and other conditions-of-confinement claims are improper" in a § 2241 proceeding. Record on Appeal ("ROA") at 50. The district court said that, although Mr. Stouffer's amended petition characterized his claims as challenging "how Petitioner's Death Sentence is being administered," ROA at 32, it alleged only the removal and confiscation of legal documents and related issues.

The district court dismissed the petition under Fed. R. Civ. P. 41(b). It concluded that Mr. Stouffer had again only attempted to allege conditions of confinement claims, which are not properly raised in a § 2241 petition. He therefore failed to comply with the

---

[1] Because Mr. Stouffer is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

court's order. The court later declined to grant a COA and denied Mr. Stouffer's post-judgment motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).[2]

## II. **DISCUSSION**

To obtain a COA, Mr. Stouffer must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). We deny Mr. Stouffer's request for a COA because reasonable jurists could not debate that he has failed to state a claim for relief under 28 U.S.C. § 2241.

A § 2241 petition attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). It challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th

---

[2] Mr. Stouffer failed to file an amended notice of appeal to seek review of the order denying post-judgment relief. *See* Fed. R. App. P. 4(a)(4)(B)(ii). We therefore lack jurisdiction to review that decision. We note, however, that the issues raised and arguments made in the Rule 59(e) motion were essentially the same as those presented previously.

Cir.1993)). "It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings." *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

On appeal, Mr. Stouffer contends the prison "continues to erroneously administer Appellant's death sentence." Aplt. Br. at 2. But his brief focuses on the alleged deprivation "of his legal documents and other property" as the basis for his claims. *Id.* He has not shown in his brief how the district court erred. We have reviewed the amended petition and, like the district court, find that it attempts to allege deprivation of legal documents and access to courts.[3] Reasonable jurists could not debate that Mr. Stouffer relies on the wrong statute—§ 2241—for his claim.[4]

---

[3] As one of the grounds in his amended petition to support his claim, Mr. Stouffer refers vaguely to a 2009 Tenth Circuit ruling that he is "ineligible to earn credits" and is not serving "a term of imprisonment" because of his death sentence. ROA at 37. This reference is to an order denying a COA to appeal the dismissal of his § 2241 petition claiming he was entitled to accrue earned credits. *Stouffer v. Workman*, 348 F. App'x 401 (10th Cir. 2009) (unpublished). He does not explain how this concerns his deprivation-of-documents claim or whether these references attempt to state a separate claim.

[4] Mr. Stouffer argues the district court failed to correctly apply *Haines v. Kerner*, 404 U.S. 519 (1972), in which the Supreme Court remanded for an evidentiary hearing a case brought under 42 U.S.C. § 1983 against state prison officials for "physical injuries suffered while in disciplinary confinement and denial of due process in the steps leading to that confinement." *Id.* at 520. Rather than helping Mr. Stouffer, this case provides an example of why his conditions-of-confinement claims should have been brought under § 1983.

## III. **CONCLUSION**

We deny a COA and dismiss this matter.  We also deny Mr. Stouffer's "Motion to Reconsider this Court's 7/2/19 Order" denying his motion to appoint counsel.


ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

5