Johnny RANDLE, Petitioner-Appellant,

v.

Levi ROMERO, Warden, Steve Dillon, Chief Classification Officer, Efren Montoya, Deputy Warden, Respondents-Appellees.

No. 79–1263.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 30, 1979.

Decided Dec. 17, 1979.

Johnny Randle, pro se.

Before SETH, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court by which the district court

dismissed appellant's complaint brought pursuant to 42 U.S.C. § 1983.

Appellant is presently incarcerated in the New Mexico State Penitentiary, serving the first of two consecutive sentences. In district court appellant maintained that the warden, deputy warden and chief classification officer violated his constitutional rights by refusing to transfer him to a minimum security facility solely because he had been sentenced to consecutive terms.

The district court found that the prison had a policy of not allowing any prisoner serving consecutive sentences to be transferred to a satellite facility, and that such a policy did not constitute clear abuse or caprice on the part of prison officials. The court concluded that the plaintiff therefore made no rational argument on the law or facts in support of his claim and dismissed the action pursuant to 28 U.S.C. § 1915(d). We agree.

■ The only issue presented by this case is whether the refusal by prison officials to transfer an inmate to a minimum security satellite facility because he is serving consecutive sentences in any way violates the Constitution.

■ Matters affecting transfer are an administrative function. We have often held that the basic responsibility for the control and management of penal institutions lies with the administrative agency and is not subject to judicial review unless exercised in such a manner as to constitute "clear abuse or caprice upon the part of prison officials." *Bethea v. Crouse*, 417 F.2d 504, 506 (10th Cir. 1969).

■ The only remaining issue is whether the transfer policy constitutes abuse or caprice on the part of prison officials to the extent that appellant has been deprived of some constitutional right. It is not clear which of appellant's constitutional rights he believes have been denied him or how. If appellant is claiming that he is entitled to a hearing to determine his transfer rights, his claim must fail. It is well settled that prisoners have no constitutional right to a hearing in transfer situations, absent some

foundation in state law establishing such a right. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

The relief sought by appellant also includes a request for damages for cruel and unusual punishment and a jury trial. We disagree that the transfer policy constitutes cruel and unusual punishment in a constitutional sense. *See generally Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910); *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

In view of our determination that appellant's claim does not give rise to a constitutional right or sustain a claim under 42 U.S.C. § 1983, we need not reach the jury trial issue.

The judgment of the district court is affirmed. The mandate shall issue forthwith.