**NOTE: Attachments not available electronically.**

_____

| | |
|---|---|
| BIGLER JOBE STOUFFER, II, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | )     No. 95-6394 |
| | )   (D.C. No. CIV-84-1395-A) |
| LARRY A. FIELDS, DOLORES RAMSEY, | )     (W.D. Oklahoma) |
| DAN REYNOLDS, | ) |
| | ) |
| Defendant-Appellee. | ) |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.


Mr. Stouffer, a state inmate and pro se litigant, filed a civil rights suit under 42 U.S.C. § 1983 against three prison employees. The trial court granted defendants' summary judgment and Mr.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Stouffer appeals. We affirm.

Mr. Stouffer has been convicted of a capital offense, sentenced to death and is currently confined in a maximum security area of an Oklahoma prison. Mr. Stouffer filed his § 1983 suit alleging he was denied Due Process under the Fourteenth Amendment by being forced to defend himself against five prison misconduct reports during a time in which two conflicting disciplinary policies were in effect. He also contended he was placed in administrative segregation without due process.

A *Martinez* report was ordered and received and Mr. Stouffer was informed it was being treated as a motion for summary judgment and his failure to respond could result in the court declaring the facts supporting the motion as true. The report clearly showed the Department of Corrections was only operating under one policy and Mr. Stouffer was never subjected to two conflicting policies. The report further found the classification of an inmate into administrative segregation does not involve deprivation of a liberty interest independently protected by the Due Process Clause and Mr. Stouffer failed to set forth or show any state law or prison regulation which gave him a liberty interest in remaining free from administrative segregation.

During the litigation Mr. Stouffer filed numerous requests for thousands of pages of photocopying which the Magistrate Judge denied.

The matter was referred to a Magistrate Judge who concluded, *inter alia*, that Mr. Stouffer

was never subjected to conflicting policies; Mr. Stouffer was never placed in administrative segregation; that Mr. Stouffer failed to demonstrate any liberty interest in remaining free from administrative segregation. The Magistrate Judge recommended entry of summary judgment in favor of defendants.

The Magistrate Judge's Report and Recommendation together with Mr. Stouffer's objections thereto claiming a factual dispute was given to the District Court. The District Court concluded the alleged factual disputes are irrelevant to the dispositive legal issues. The District Court then applied *Sandin v. Conner,* 115 S.Ct. 2293, 2300 (1995)*,* which held a prison inmate can show he has a protected liberty interest at stake only if he demonstrates that he is entitled under state law "to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (internal citations omitted). Specifically the trial court noted that Mr. Stouffer is serving a capital sentence and is confined under maximum security conditions on death row. The trial court noted the imposition of discipline did not result in loss of earned good time credits because Mr. Stouffer accrues none. Further the trial court noted Mr. Stouffer made no attempt to show either disciplinary or administrative segregation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Finally the trial court found the denial of some of Mr. Stouffer's requests for photocopies did not hamper his ability to present his claims in this or any other litigation.

Mr. Stouffer appeals the dismissal by initially noting "[i]t is difficult to understand how a maximum security death row inmate housed in H-Unit at Oklahoma's State Penitentiary could be further deprived of his rights, however, Appellees have found several ways to circumvent the written laws on Access to Court and on Due Process and on Cruel and Unusual Punishment to Punish and deprive even Death Sentenced inmates further."  What follows in his brief is a litany of numerous complaints concerning the limitation of his time in the prison law library to 3 ½ hours per week; charges that "many of the evidence documents have been confiscated and stolen or thrown away by Appellees"; and asserting the cockroaches have more space in his cell than his legal data.  Mr. Stouffer spends considerable time in his brief speaking of injustices he has heard about concerning other inmates.  What Mr. Stouffer fails to do is to give us any citations or reasons informing us why the trial court's order was erroneous.  He basically reargues his original allegations and adds numerous others.

Mr. Stouffer's brief is not persuasive.  Mr. Stouffer fails to realize that to prevail on his Fourteenth Amendment Due Process claim, he must first show some right under state law.  This he has failed to do.  If he were able to show some right under state law, he must then make the showing required by *Sandin.*  This he has failed to do.

An inmate has no right to have all of his "evidentiary documents" photocopied.  The Magistrate Judge gave Mr. Stouffer the opportunity to summarize his evidence and even to copy it by hand.  Mr. Stouffer failed to do this.  Even were we to assume the State somehow deprived Mr. Stouffer of a right to have his documents photocopied, Mr. Stouffer has failed to inform this court

5

how he was prejudiced by this alleged violation.

Finally, we cannot and will not consider issues raised for the first time on appeal. Neither is this court an ombudsman accepting hearsay complaints of alleged injustices to other inmates.

The judgment of the trial court is **AFFIRMED** for substantially the same reasons set forth in the Magistrate Judge's Report and Recommendation filed August 31, 1995, and the order of the trial court entered October 20, 1995, copies of both being attached hereto.

Entered for the Court:

**WADE BRORBY**
United States Circuit Judge