**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES FRANKLIN BROWN; GARY
BETZLE; MIKE CROSS; RICHARD
MCDONNELL; BRUCE CAMPBELL;
ARTHUR M. ARMSTRONG,

     Plaintiffs - Appellants,

MICHAEL EVANS,

     Plaintiff,

vs.

JUDY UPHOFF, individually and in her
official capacity as Director, Wyoming
Department of Corrections; DUANE
SHILLINGER, individually and in his
official capacity as Warden, Wyoming
Department of Corrections; STAN
JAMES, individually and in his official
capacity as Security Manager, Wyoming
Department of Corrections, RONALD G.
RUETTGERS, individually and in his
official capacity as Maximum Security
Unit Manager, Wyoming Department of
Corrections,

     Defendants - Appellees.

No. 96-8114
(D.C. No. 95-CV-048-J)
(D. Wyo.)

ORDER AND JUDGMENT[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

Plaintiffs, inmates at the Wyoming State Penitentiary, appeal pro se from the dismissal with prejudice of their pro se civil rights complaint against Department of Corrections officials under 42 U.S.C. § 1983.  The district court, adopting the magistrate's report and recommendation, found the complaint frivolous pursuant to 28 U.S.C. § 1915(d)[1] because it contained only factually unsupported conclusory allegations, and dismissed it with prejudice.  The court also denied Plaintiffs' motion to amend their complaint.  We affirm.

## I.    Section 1915 Dismissal

Section 1915(e)(2)(B) provides that the district court "shall dismiss" an in forma pauperis complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  We review a § 1915 dismissal for frivolousness under an abuse of

the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

[1] Now recodified at 28 U.S.C. § 1915(e)(2)(B), as amended by the Prison Litigation Reform Act of 1996.

discretion standard. <u>Green v. Seymour</u>, 59 F.3d 1073, 1077 (10th Cir. 1995). A dismissal for failure to state a claim is subject to de novo review. <u>Kidd v. Taos Ski Valley, Inc.</u>, 88 F.3d 848, 854 (10th Cir. 1996). We liberally construe pro se litigants' pleadings, but this does not relieve Plaintiffs of the burden of alleging sufficient facts on which recognized claims could be based. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

In their § 1983 complaint, Plaintiffs allege violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, asserting claims for (1) denial of access to the courts, (2) mass punishment, (3) deliberate indifference to medical needs, (4) deliberate indifference to the safety of inmates, (5) denial of due process and equal protection, (6) illegal confiscation or destruction of personal property, (7) intentional punishment for seeking medical treatment, (8) unsanitary conditions in food service areas, and (9) retaliation against inmates for exercising their right to redress. Even accepting the well pleaded factual allegations as true, and viewing them in the light most favorable to Plaintiffs, we find nothing which rises to the level of a constitutional violation.

Most of the allegations have to do with the implementation of a more restrictive policy following an inmate murder which occurred in March of 1994. The basic responsibility for the control and management of penal institutions, including the discipline, treatment and care of prisoners, lies "'within the province and professional expertise of corrections officials' to whose judgment courts should defer." <u>Smith v. Iron County</u>, 692 F.2d 685, 688 (10th Cir. 1982) (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 540

- 3 -

n.23 (1979) (internal quotations omitted)). The record indicates that none of the restrictions imposed in response to the March 1994 murder were the result of "clear abuse or caprice upon the part of prison officials." Randle v. Romero, 610 F.2d 702, 703 (10th Cir. 1979) (quoting Bethea v. Crouse, 417 F.2d 504, 506 (10th Cir. 1969)).

We are of course cognizant that one does not lose all his constitutional rights when he enters a prison, Bethea, 417 F.2d at 506, and when an inmate states a bona fide claim based upon the deprivation of a right, privilege or immunity guaranteed by the constitution, we will not defer to prison officials. Id.; Smith, 692 F.2d at 688. Several of Plaintiffs' claims allege violations of the Eighth Amendment, including the claim that they have been denied medical treatment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment claim has two components: an objective component requiring that the deprivation be sufficiently serious, and a subjective component requiring that the officials acted with deliberate indifference. Handy v. Price, 996 F.2d 1064, 1066-67 (10th Cir. 1993) (citing Estelle, 429 U.S. at 104, 106; Wilson v. Seiter, 501 U.S. 294, 299-304 (1991)). Plaintiffs' complaint, apparently attempting to satisfy this requirement, simply alleges "[d]eliberate indifference to our serious and painful medical, dental, and mental health needs." In order to state a bona fide claim, however, even pro se plaintiffs must support their conclusory allegations with sufficient facts. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." Hall, 935 F.2d at 1110. This Plaintiffs have failed to do. In analyzing the sufficiency of Plaintiffs' complaint, we need accept as true only Plaintiffs' well pleaded factual contentions, not their conclusory allegations. Id.; Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989), cert. denied, 493 U.S. 1059 (1990). Plaintiffs' complaint fails to state a claim upon which relief can be granted, and was properly dismissed under § 1915.

## II.    Denial of Motion to Amend

We review the denial of Plaintiffs' motion to amend their complaint for abuse of discretion. Ketchum v. Cruz, 961 F.2d. 916, 920 (10th Cir. 1992). While Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, the district court is clearly justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim. Id.; see Foman v. Davis, 371 U.S. 178, 182 (1962); Mountain View Pharmacy v. Abbot Lab., 630 F.2d 1383, 1389 (10th Cir. 1980).

The district court denied Plaintiffs' motion to amend because it raised issues and asserted claims unrelated to the original complaint. Plaintiffs' amendment was filed ten months after the original complaint, and more than seven months after the magistrate issued his report and recommendation. It states new claims of property deprivation without due process, arising out of incidents which occurred only a few weeks prior to the

filing of the amendment, but nine months after the complaint was filed. Thus, this is not like the amendment approved in Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989) (amendment should have been granted which was made seven days after complaint and which concerned subsequently occurring facts relating to original claim). In addition, the amendment seeks to add a new defendant without specifying facts which link him to any injury alleged in the original complaint. See Ketchum, 961 F.2d at 920-21. The district court did not address the merits of these new claims, and we express no opinion as to whether they state separate causes of action.

To the extent that the amendment does refer to existing claims, it adds no additional specificity which would cure the defects in the original complaint. See Denton v. Hernandez, 504 U.S. 25, 34 (1992). Thus, even if we were to bifurcate the amendment and consider any and all references to the original claims, Plaintiffs' complaint, as amended, still fails to state a claim upon which relief may be granted. The district court did not abuse its discretion in denying the motion to amend. Ketchum, 961 F.2d at 920; Mountain View Pharmacy, 630 F.2d at 1389.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge