**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

COLBY JEROME HALE-EL,

    Plaintiff - Appellant,

v.

JOHN DOE, D.O.C. Director of Prisons;
JANE DOE, D.O.C. Employee,

    Defendants - Appellees.

_____

COLBY JEROME HALE-EL,

    Plaintiff - Appellant,

v.

MEGAN A. RING; KAMELA
MAKTABI; LAUREN SANDOVAL; LT.
MONTEZ; ANNE T. AMICARELLA;
KRISTEN BLODGETT; FLEISCHMAN;
LT. MORRIS; DIRECTOR OF PRISONS,

    Defendants - Appellees.

No. 25-1044
(D.C. No. 1:24-CV-01522-LTB-RTG)
(D. Colo.)

No. 25-1045
(D.C. No. 1:24-CV-01542-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.**

_____

Colby Jerome Hale-El, a Colorado state prisoner proceeding pro se, appeals

the district court's dismissal of his two 42 U.S.C. § 1983 civil rights complaints.

Having jurisdiction under 28 U.S.C. § 1291, we address Hale-El's two appeals

together and **DISMISS** the appeals as frivolous.  We **DENY** his IFP motions under

28 U.S.C. § 1915(e)(2)(B).

## I.    Background

### A.    25-1044

Hale-El brought a 42 U.S.C. § 1983 civil rights action against the director of

prisons and an employee of the Colorado Department of Corrections, alleging one

claim titled "Due Process Clause, Access to the Courts and First Amendment,

Freedom of Speech and Freedom of Association, Fifth Amendment, Right to be

Heard."  He explained that in May 2023, he "was sentenced to serve a consecutive

sentence of 365 days in the county, following his 5[-]year sentence in the Colorado

Department of Corrections."  Second Am. Compl. 4.[1]  He was first "shipped to the

Colorado Department of Corrections" but two day later, "was shipped to the Denver

Sheriff Department on a Writ of habeas corpus, to serve the consecutive sentence

_____

** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

[1] The appellate record for 25-1044 does not include Hale-El's Second
Amended Complaint, and therefore we cite to it directly.

without [his] knowledge or consent." *Id.* Hale-El argues his access to the court, freedom of speech, and due process was violated because he was forced to "serve his consecutive sentence before its time" without an opportunity to be present in court regarding his transfer. *Id.*

The assigned magistrate judge recommended that Hale-El's amended complaint be dismissed as frivolous because it lacked an arguable basis in law and failed to satisfy the pleading standard under Federal Rule of Civil Procedure 8. Hale-El timely filed an objection to the recommendation. The district court, reviewing the recommendation de novo, accepted and adopted the magistrate judge's recommendation and dismissed Hale-El's amended complaint. It also denied Hale-El's leave to proceed IFP motion on appeal as it found that any appeal from the dismissal would not be taken in good faith. A judgment was entered in favor of the defendants and against Hale-El.

**B.     25-1045**

Hale-El brought a separate action against various individuals alleging claims for: (1) racial discrimination; (2) civil rights conspiracy, (3) denial of due process, (4) frustrating and impeding claims, and (5) denial of access to court (Counts One to Five, respectively). These individuals include public defenders, prison officials at the Colorado State Penitentiary, and the director of prisons for the Colorado Department of Corrections.

Upon review, the assigned magistrate judge recommended that Hale-El's prisoner complaint be dismissed because he failed to plead necessary facts to support

3

his legal claims. In short, the magistrate judge found Hale-El's allegations to be conclusory and without factual support. Hale-El timely filed an objection to the recommendation. The district court, reviewing the recommendation de novo, agreed with the recommendation and thus accepted and adopted it. In doing so, the district court dismissed Hale-El's complaint and denied his leave to proceed IFP motion on appeal because it found any appeal from this dismissal would not be taken in good faith. Any pending motions in the action were denied as moot and a judgment was entered in favor of the defendants and against Hale-El.

### C. Procedural History

In both cases, Hale-El filed a notice of appeal "to the Supreme Court of the United States" and thus the district court inadvertently transmitted both notices of appeal directly to the United States Supreme Court. Hale-El then filed subsequent notices of appeal that were transmitted to our Circuit.[2] We consider the appeals of both cases to be timely and consider them together. *See* FED. R. APP. P. 3(b)(2).

## II.    Discussion

Hale-El proceeds pro se, and thus we construe his filings liberally, but do not craft arguments or otherwise advocate for him. *Brooks v. Raemisch*, 717 F. App'x 766, 767 n.1 (10th Cir. 2017) (citations omitted). Even so, Hale-El's appeals are frivolous and thus we dismiss the appeals in both cases.

---

[2] Hale-El's misidentification of the appellate court does not prohibit this Circuit from having jurisdiction over the matter. *See Graves v. Gen. Ins. Corp.*, 381 F.2d 517 (10th Cir. 1967).

### A.     Legal Background

"[A] court must dismiss an IFP proceeding 'if the court determines that . . . the action or appeal—(i) is frivolous or malicious; or (ii) fails to state a claim on which relief may be granted.'" *Id.* at 768 (alteration in original) (quoting 28 U.S.C. § 1915(e)(2)(B)). "[A]n appeal on a matter of law is frivolous where none of the legal points are arguable on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (cleaned up) (citation omitted).

### B.     25-1044

Liberally construing Hale-El's arguments, he appears to allege that moving him from "the county" to the Colorado Department of Corrections before his sentence was fully served amounted to improperly resentencing him without his opportunity in court. *See* Aplt. Br. 3 (arguing that he is "not challenging his conviction, only the process of changing his sentence without him being given an opportunity to be heard.").[3]

We review the district court's dismissal of Hale-El's amended complaint "under § 1915(e)(2)(B)(i) for frivolousness under an abuse of discretion standard, but if the frivolousness determination turns on an issue of law we review the determination de novo." *Brooks*, 717 F. App'x at 768. The district court's decision

---

[3] We note that Hale-El argues there are two issues—"due process," and "civil conspiracy"—in his brief, despite alleging a single claim titled "Due Process Clause, Access to the Courts and First Amendment, Freedom of Speech and Freedom of Association, Fifth Amendment, Right to be Heard" in his amended complaint. *Contrast* Aplt. Br. 3, *with* App. R. 16.

did not turn on an issue of law and so we review Hale-El's arguments under an abuse of discretion standard.

We agree with the district court that Hale-El's amended complaint is conclusory and frivolous, and in violation of Rule 8 pleading standards. First, Hale-El sets forth several causes of action in his amended complaint but fails to plead sufficient, specific facts to satisfy the necessary elements. "To establish a civil conspiracy in Colorado, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) an unlawful overt act; and (5) damages as to the proximate result." *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1146 (10th Cir. 2016) (quoting *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995)). But Hale-El's pleadings fall short of demonstrating, for example, that there was an objective that the director and the employee of the Colorado Department of Corrections both agreed upon, or that there was an unlawful overt act involved. Second, he does not present caselaw establishing that his transfer was in fact an improper resentencing that amounts to a due process violation. *See Randle v. Romero*, 610 F.2d 702, 703 (10th Cir. 1979) ("Matters affecting transfer are an administrative function.").[4]

---

[4] *C.f. Randle*, 610 F.2d at 703 ("[I]f appellant is claiming that he is entitled to a hearing to determine his transfer rights, his claim must fail. It is well settled that prisoners have no constitutional right to a hearing in transfer situations, absent some foundation in state law establishing such a right." (citing *Meachum v. Fano*, 427 U.S. 215 (1976))).

Accordingly, we find no abuse of discretion in the district court's dismissal of Hale-El's amended complaint.  We dismiss this appeal as frivolous.[5]

### C.     25-1045

Hale-El's second appeal includes five claims, which we consider in turn.  In doing so, "[w]e review de novo [the] district court's order dismissing a prisoner's case for failure to state a claim pursuant to 28 U.S.C. § 1915A." *Peltier v. Fed. Bureau of Prisons*, 185 F.3d 874, at *1 (10th Cir. 1999) (unpublished table decision) (citations omitted).

### 1.     Count One: Racial Discrimination, 42 U.S.C. § 1981

First, Hale-El argues he was racially discriminated against when his state court judge noted Hale-El's "Moorish sovereign citizen" status during his sentencing proceeding.  He alleges his state court judge "stepped out of his judicial role, and into the role of a witness," when he stated, "[f]or what it's worth, that would be consistent with his view that this court does not have jurisdiction over him under his beliefs that he's a Moorish sovereign citizen." App. R. 37.  Hale-El argues this act was discriminatory because he "never at any point in time made this claim to be a

---

[5] Hale-El cites several cases in his brief, but each one is of no avail.  For example, he cites *Lytle v. City of Haysville*, 138 F.3d 857, 862 (10th Cir. 1998), but provides no information as to how *Lytle*, a retaliation case, is factually or legally relevant to his arguments.  In fact, the pincite of the case clarifies that a de novo standard of review is applied for summary judgment and for First Amendment issues.  But this case is not at the summary judgment stage.  He also cites *Elliott v. Peirsol's Lessee*, 26 U.S. 328, 330, (1828), and *Kalb v. Feuerstein*, 308 U.S. 433 (1940)—the two cases involve jurisdictional limitations of a land ownership dispute and have no relevance here.

sovereign citizen. (This is Racial Profiling, only NATIONS can be sovereign.)" *Id.*[6]

Under the same race discrimination claim, he alleges that he "never received any

notification" as to whether he would be represented by the public defender's office in

his appeal, and that a "Notice of Appeal was filed . . . [w]ithout [his] knowledge."

*Id.* at 37.

To establish a prima facie case of discrimination under § 1981, plaintiff must

sufficiently plead that (1) "the plaintiff is a member of a protected class"; (2) "the

defendant had the intent to discriminate on the basis of race"; and (3) "the

discrimination interfered with a protected activity as defined in § 1981." *Hampton v.*

*Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001) (quoting

*Reynolds v. School Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995)).

The protected activities defined in § 1981 include "the making, performance,

modification, and termination of contracts, and the enjoyment of all benefits,

privileges, terms, and conditions of the contractual relationship." *Reynolds*, 69 F.3d

at 1532 (quoting 42 U.S.C. § 1981).

Although the elements "are flexible and are not to be applied rigidly," we find

Hale-El has not produced sufficient evidence of intentional discrimination and has

not pled details as to any protected activity in relation to the defendants named in

Count One. *See Hampton*, 247 F.3d at 1102 (quoting *Cone v. Longmont United*

---

[6] Hale-El indicates in his amended complaint that he is indeed a "Moorish American National and Hostage." App. R. 35. He also states in his brief that he is "a Moorish American National and not a U.S. Citizen." *Id.* at 3.

*Hosp. Ass'n*, 14 F.3d 526, 530 n.2 (10th Cir. 1994)); *Reynolds*, 69 F.3d at 1532 (Plaintiff "must show that [d]efendants intentionally or purposefully discriminated against her." (quoting *Gen. Bldg. Contractors Ass'n, Inc. v. Pa.*, 458 U.S. 375, 391 (1982))).  Moreover, Hale-El has not established that he is a member of a protected class, nor has he pled that Moorish sovereign citizens are a legally protected class.

Accordingly, we see no error in the district court's dismissal of Hale-El's racial discrimination claim.

### 2.    Count Two: Civil Conspiracy Claim, 42 U.S.C. §§ 1985(2), (3)

Second, Hale-El asserts a civil rights conspiracy claim against five public defenders because they filed a notice of appeal without his knowledge or approval. He states that he did not "know that public defenders had been appointed to represent him" and thus his "equal protection of [d]ue [p]rocess and the right to be notified" and his "right to make and enforce contracts" were violated.  App. R. 41.  He also asserts under this claim that the Colorado Department of Corrections "had [him] serve his consecutive sentences . . . [t]hree years before it was time"; the "Denver Sheriff Department tampered with [his] mail, while the Colorado State Public Defender's Office was filing an appeal on [his] behalf"; and "there is no way the Director of Prisons did not know about or authorize [his] transfer."  *Id.* at 41, 42.

A prerequisite to a claim under § 1985(2)[7] and § 1985(3)[8] is the existence of a conspiracy. *Abercrombie v. City of Catoosa, Okl.*, 896 F.2d 1228, 1230 (10th Cir. 1990) ("Section 1985(2) specifically requires the existence of 'two or more persons' who 'conspire.'" (citation omitted)); *see also Tilton*, 6 F.3d at 686 ("Firstly, a valid [§ 1985(3)] claim must, of course, involve a conspiracy."). "A civil conspiracy requires the combination of two or more persons acting in concert[,]" such that there was "a meeting of the minds or agreement among the defendants." *Abercrombie*, 896 F.2d at 1230.

The district court held, and we agree, that Hale-El has not established the existence of a conspiracy. Hale-El's allegations cannot establish a conspiracy because they include no direct or circumstantial evidence that the defendants acted in concert. Instead, Hale-El's amended complaint only alleges isolated statements that fail to establish any inference that there was a conspiracy between the defendants. For example, he alleges only that the "defendants conspired to construct 'the due course of justice' when they denied the equal protection of Due Process and the right

---

[7] "There are four distinct clauses in [§] 1985(2), each creating a distinct cause of action," such as a deterrence claim or a retaliation claim. *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (citing *Wright v. No Skiter, Inc.*, 774 F.2d 422, 425 (10th Cir. 1985)). Hale-El does not specify which cause of action he brings under this section.

[8] "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

10

to be notified.  Of their assistance, and the plaintiffs' right to make and enforce

contracts."  App. R. 41.  And his argument that "the Colorado Court of Appeals," a

nonparty, and "the Colorado State Public Defender Appellate Division[] were trading

information without [him] being aware of any appeal" is conclusory and without any

supporting facts.  *Id.* at 42.  Moreover, Hale-El does not attempt to explain his

amended complaint in his brief—his opening brief merely states that he "has satisfied

[Rule] 8 on many occasions and Judge Lewis T. Babcock,[9] has decided wrong

everytime contrary to positive law."  Aplt. Br. 4.

Accordingly, we see no error in the district court's dismissal of Hale-El's civil

conspiracy claim.

### 3.      Count Three: Denial of Due Process

Third, Hale-El alleges he was denied due process because "[t]here is no way

the Director of Prisons did not sign off on [his] transfer to the Denver Sheriff

Department . . . [t]o serve a consecutive sentence before it was time"; and that the

filing of a notice of appeal in his state court criminal case "denied [him] access to his

Federal Habeas Corpus."  App. R. 43.

Hale-El's complaint is too vague and conclusory to state a claim for violation

of his constitutional right to procedural due process.  He does not explain how any of

the defendants' actions "might constitute a denial of his procedural due process

rights" or set forth "any clearly established law that stands for the proposition that the

---

[9] Judge Babcock was not the district judge in this underlying case.

11

sorts of actions taken by [the defendants] might form the basis of a procedural due process claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 519 (10th Cir. 1998).

We see no error in the district court's dismissal of Hale-El's denial of due process claim.

### 4.    Counts Four and Five: Frustrated and Impeded Claim, and Denial of Access to Court

Fourth, Hale-El alleges his phone account was unknowingly suspended.  He also alleges his property—specifically his legal documents—was stolen when he was moved to a different cell and therefore asserts a frustrated and impeded claim against several prison officials.  Hale-El concedes he "refused to lockdown[] because his phone account was suspended" and he "once again refused to follow orders and wanted to know where his legal documents were at."  App. R. 43–44.  And fifth, Hale-El alleges he was denied access to courts because his case was dismissed due to his lack of legal documents and/or materials.  Under both claims, Hale-El seemingly alleges that the defendant(s) committed "unconstitutional retaliation" because they must be deceiving him as they know where his legal documents are and why his phone account was suspended.  We consider Counts Four and Five together.

"To present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions."  *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998)  (quoting *Penrod v. Zavaras*, 94 F.3d 1399,

1403 (10th Cir. 1996)).  In other words, there must be an actual injury that resulted from defendant's actions.  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Hale-El did not satisfy this pleading standard.  His amended complaint states only that he could not "properly defend his case with supporting case[]law and documents of proof of legal authority," App. R. 45, but does not clarify why he could not re-supplement his documents with caselaw or print additional copies of his legal documents.  Critically, as the district court noted, Hale-El's prisoner complaint was dismissed because it was frivolous, not because of missing documents.  And although he states in his brief that he is "in imminent danger [his] documents are not making it to the courts in its entirety," Aplt. Br. 4, Hale-El does not explain how the allegedly missing documents would have changed the outcome of Hale-El's case.  Finally, Hale-El fails to "give us any citations or reasons informing us why the trial court's order was erroneous[.]"  *See Stouffer v. Fields*, 85 F.3d 641, at *2 (10th Cir. 1996) (unpublished table decision).

Hale-El's "unconstitutional retaliation" claim is also meritless.  "In considering an inmate's suit against prison officials, we recognize 'that courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform.'"  *Peterson*, 149 F.3d at 1143 (quoting *Turner v. Safley*, 482 U.S. 78, 84 (1987)).  "[I]t is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison, and our retaliation jurisprudence does not change this role."  *Id.* at 1144.  "Accordingly, a plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, . . . would not have taken place."

13

*Id.* (citation omitted) (cleaned up). "An inmate claiming retaliation must 'allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights.'" *Id.* (quoting *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990)). We cannot agree the district court's dismissal of Hale-El's allegations of retaliation was in error because Hale-El presented no evidence that the defendants' alleged retaliatory motives were the "but for" cause of their actions.

\* \* \*

In sum, Hale-El's arguments are meritless and fail to meet the pleading standards. We therefore see no error in the district court's dismissal of Hale-El's amended complaint pursuant to 28 U.S.C. § 1915A(b) and find this appeal to be frivolous.[10]

### D. Hale-El's IFP Motion and PLRA Strike

Hale-El is subject to the Prison Litigation Reform Act. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1177 (10th Cir. 2011), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Under the PLRA, prisoners obtain a "strike" against them for purposes of future IFP eligibility when their "action or appeal in a court of the United States . . . was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

---

[10] As we have already noted, Hale-El's brief does not clarify his amended complaint or address the district court's findings in the respective appeal. For example, he states there are two issues in this appeal—"anti-trust," and "jurisdiction"—neither of which was pled or is relevant to issues raised in his amended complaint. Aplt. Br. 3.

28 U.S.C. § 1915(g). "When a prisoner has accumulated three strikes, he has 'struck out' from proceeding IFP in a new civil action or appeal." *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) (quoting *Smith v. VA*, 636 F.3d 1306, 1308–09 (10th Cir. 2011)).

Hale-El is a frequent filer and has an extensive history in this court with at least sixteen prior appeals, most of which have been dismissed as jurisdictionally defective or for failure to prosecute. Specifically, Hale-El accrued his third strike after he filed his notice of appeal. Because we dismiss Hale-El's instant appeals as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), our dismissal constitutes another strike. We therefore deny Hale-El's IFP motions in both appeals. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Having received more than three "strikes," Hale-El is prohibited from proceeding IFP in any new civil actions or appeals. *Smith*, 636 F.3d at 1308–09.

Hale-El is reminded that he remains obligated to continue making partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b). *See Bradshaw v. United States*, 10 F. App'x 699, 701 (10th Cir. 2001).

## III.   Conclusion

For the aforementioned reasons, we **DISMISS** Hale-El's appeals as frivolous. Hale-El's IFP motions are **DENIED**.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge